IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| DANIELLE BROWN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 25-cv-01331-SAG |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff originally filed this lawsuit against the Baltimore Police Department ("BPD"), BPD Officer Connor Murray ("Officer Murray"), the Mayor & City Council of Baltimore ("the City"), and the State of Maryland (the State") (collectively "Defendants") for claims arising out of the death of her son, Donnell R. Rochester. ECF 3. Certain claims (including those against the City and the State) were dismissed upon motion, leaving common law and constitutional law claims pending against Officer Murray and *Monell* and indemnification claims pending against BPD. ECF 36, 37. Currently before the Court is Defendants' motion to bifurcate trial and stay *Monell* discovery until the underlying constitutional claims against the officer have been resolved. ECF 41. The motion has been fully briefed, ECF 43, 44, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the motion will be granted.

I.     FACTUAL BACKGROUND

The Complaint alleges that on February 19, 2022, BPD officers were running license plates in Baltimore City and learned from that exercise that Mr. Rochester had an active warrant. ECF 3 ¶ 2. The officers pursued Mr. Rochester's vehicle but ultimately concluded that the risk of harm did not justify the chase. *Id.* ¶¶ 27–29. When the officers located the vehicle again, Officer Murray

intentionally placed himself in the path of Mr. Rochester's moving vehicle to try to effect the arrest. *Id.* ¶¶ 33, 40. When Mr. Rochester did not stop, Officer Murray discharged his weapon into the vehicle four times, striking and killing Mr. Rochester. *Id.* ¶¶ 41–43, 54.

The Complaint alleges, in relevant part, that the BPD "maintained a custom, policy and practice of condoning officers [sic] conduct by knowingly, consciously, and repeatedly failing to correct a widespread pattern of unconstitutional conduct" and failed to train its officers "to conduct their law enforcement activities within constitutional bounds." *Id.* ¶¶ 107, 108. Plaintiff alleges that these failures led to Mr. Rochester's death.

## II.    LEGAL STANDARD

The Motion seeks to bifurcate the trial of Plaintiff's claims against Officer Murray from the *Monell* claim lodged against BPD, and to stay discovery relating to the *Monell* claim until the underlying § 1983 claims have been adjudicated. ECF 41. The bifurcation of trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993). Likewise, with respect to the requested stay, decisions about the appropriate timing and sequence of discovery lie within the discretion of the trial court. *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

## III.    ANALYSIS

Defendants correctly note that in a significant number of excessive force cases against the BPD and related entities, this Court has bifurcated *Monell* and supervisory liability claims from

2

the underlying § 1983 claims against individual officers. *See, e.g.*, *Paylor v. Balt. Police Dep't*, Civ. No. 24-02746-JRR, 2025 WL 3029548, at *4 (D. Md. Oct. 30, 2025); *Burley v. Balt. Police Dep't*, Civ. No. SAG-18-1743, 2019 WL 9078713, at *3 (D. Md. Nov. 18, 2019); *Harrod v. Mayor of Balt.*, Civ. No. SAG-18-02542, ECF 65 (D. Md. Oct. 10, 2019); *Burgess v. Balt. Police Dep't.*, Civ. No. RDB-15-00834, 2016 WL 1159200, at *1 (D. Md. Mar. 23, 2016) ("Given the derivative nature of BPD's potential liability, bifurcation would conserve judicial resources and encourage efficient litigation."); *Roberts v. Taylor*, Civ. No. CCB-18-1940, ECF 60 (D. Md. Jul. 18, 2019); *Peprah v. Williams*, Civ. No. GLR-18-990, 2019 WL 224245, at *10 (D. Md. Jan. 15, 2019) ("This Court has repeatedly held that bifurcation is appropriate in cases involving § 1983 claims against individual defendants and municipalities."); *Brown v. Bailey*, Civ. No. RDB-11-1901, 2012 WL 2188338, at *4 ("This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319–21 (D. Md. 1991). In cases like this one, presenting single-incident excessive force claims, there are often relatively nuanced factual disputes about an officer's conduct during an interaction with a citizen. Given BPD's well-documented history with excessive force claims, opening the door to broad-based *Monell* discovery before the individual incident has been litigated to conclusion creates a significant risk of unnecessary litigation expense and unnecessary use of scarce judicial resources. Additionally, given the graphic nature of the evidence often associated with excessive force incidents, presentation of evidence of unrelated incidents at trial creates a unique potential for prejudicing the mind of a factfinder with respect to a particular incident.

Plaintiff argues that two trials would increase the time and expense to the parties and contends that there will be "identical and overlapping discovery." ECF 43 at 3. There is no reason,

3

however, that any discovery will have to be done twice. The discovery conducted for the claims against Officer Murray about the incident involving Mr. Rochester can be used again in the *Monell* trial. The *Monell* discovery would largely focus on unrelated events necessary to establish the custom, policy, or practice and would be far more wide-ranging and burdensome than the discovery about the single incident on February 19, 2022. Obviously, there would be some inefficiency to conducting two separate trials, but the potential benefit if the claims against the individual defendant obviate the need to litigate the more burdensome *Monell* claim outweighs the added expense of the prospective second trial. And bifurcation will allow the claims against Officer Murray to proceed to disposition more expeditiously, which benefits all parties.

Because bifurcation and staying *Monell* discovery fosters judicial economy, conserves resources, and avoids prospective juror prejudice, and because there will be no significant prejudice to Plaintiff, this Court will GRANT Defendants' motion, ECF 41.

A separate order follows.


Dated: January 20, 2026                                /s/
                                         Stephanie A. Gallagher
                                         United States District Judge